## PRIEST v WAPAKONETA (city) et

Ohio Appeals, 3rt Dist, Auglaize Co

No 113. Decided Feb 2, 1937

Walter S. Jackson, Lima, Anderson & Lusk, Wapakoneta, and Miles & O'Brien, Wapakoneta, for appellant.

Dan McKeever, Wapakoneta, Timmermeister & Monahan, Wapakoneta, and W. K. Divers, Cincinnati, for appellees.

## OPINION

By GUERNSEY, J.

This case comes into this court on appeal from the Court of Common Pleas. It is an action brought by the plaintiff William B. Priest as a taxpayer of the City of Wapakoneta, Ohio, on behalf of said city and on behalf of himself and all other taxpayers of said city, against the City of Wapakoneta, Ohio; Vern J. Woehler, Mayor of the City of Wapakoneta, Ohio; Harold F. Shuler, City Auditor of the City of Wapakoneta, Ohio; Robert Seitz, Harold Metzger, Charles B. Miller, William Dickas, Eli Burke, Ed. Wentz and Fred Burden, as members of the Council of the City of Wapakoneta, Ohio; Richard H. Brading, President of the Council of the City of Wapakoneta, Ohio; Vern J. Woehler, Milo Bitler, Carl F. Wintzer, Chas. D. Fischer and J. F. Moser members of the Building Commission of the City of Wapakoneta, Ohio, to enjoin the appropriation of certain funds provided for in Ordinance No. 1377 of said city and to enjoin the City Auditor from certifying that said money has been lawfully appropriated and from transferring or allocating said money or any part thereof on the books of the Auditor of said city, or the expenditure or attempted expenditure of any part of said money by the Building Commission for any of the purposes mentioned in said ordinance.

The case is submitted to this court upon the amended petition filed by the plaintiff in the Common Pleas Court, and, by agreement of the parties, upon a transcript of the evidence in the trial of said cause in the Common Pleas Court.

The ordinance referred to in the petition, is as follows:

"AN ORDINANCE TO MAKE APPROPRIATION FOR THE CONSTRUCTION AND EXTENSION OF THE MUNICIPAL LIGHT AND POWER PLANT OF THE CITY OF WAPAKONETA, OHIO, BY THE PURCHASE AND INSTALLATION OF ELECTRICAL EQUIPMENT, MATERIALS AND THE EMPLOYMENT OF ENGINEERS TO PREPARE PLANS, SPECIFICATIONS AND TO SUPERVISE THE CONSTRUCTION OF SAID PLANT.

"SECTION 1. BE IT ORDAINED by the Council of the City of Wapakoneta, State of Ohio, that to provide a fund to construct and extend the Municipal Light and Power Plant by the purchase and installation of electrical equipment, materials and the employment of engineers to prepare plans, specifications and to supervise the construction of said plant, the following sums be and they are hereby set aside in said electric light fund, as follows:

"SECTION 2. That there be appropriated from the Electric Light Fund for the purpose of the construction and extension of The Municipal Light and Power Plant by the purchase and installation of electrical equipment, materials and the employment of engineers to prepare plans, specifications and to supervise the construction of said plant, the sum of Thirty Thousand Dollars ($30,000.00).

"SECTION 3. This ordinance shall take effect and be in force from and after the earliest period allowed by law.

"Passed this 18th day of March, 1936.
"RICHARD H. BRADING,
"President of the Council.
"ATTEST: W. I. BAUER,
"Clerk.
"Approved this 18th day of March, 1936.
"VERN J. WOEHLER,
"Mayor."

As shown by the transcript of the evidence, the official qualifications of the various defendants are admitted; and it is also admitted that the plaintiff is a taxpayer of the City of Wapakoneta and that on March 26, 1936, as such taxpayer duly requested the solicitor of said city, in writing, to bring the action and that the solicitor refused to do so. It is also admitted that said ordinance was passed by council and approved by the Mayor of said city, as shown in the copy of the ordinance hereinbefore set forth, and was duly published in the Wapakoneta Daily News in its issues of March 19th and 26th, 1936.

As the grounds upon which plaintiff claims said ordinance is illegal and he is entitled to the injunctive relief prayed for it is alleged in the amended petition that the appropriation attempted by said ordinance, and said ordinance are contrary to law and illegal in that said appropriation is not made as a part of the annual appropriation as provided by law nor is said attempted appropriation an amendment to the annual appropriation nor supplementary thereto, as provided by law nor is it a temporary appropriation measure for meeting ordinary expenses; that said attempted appropriation could have reasonably been foreseen at the time the annual appropriation of the council was adopted, and further that the attempted appropriation does not set out the amount sought to be ex-

pended for personal services; that said money so sought to be appropriated by said ordinance will be unless enjoined by this court, illegally used and expended by said Building Commission of said city for the purposes enumerated in said ordinance.

It is shown by the transcript of the evidence in this case that on the second day of January, 1936, there was duly passed by the council of the city of Wapakoneta, Ordinance No. 1365 of said city, the title of which is "Annual appropriation ordinance" and that such ordinance sets out the various amounts to be used in connection with the electric light fund of said city, such provisions appearing in §9 of said ordinance, which reads as follows:

"Section 9. That there be appropriated from the Electric Light Fund

7a Offices

| | |
|---|---|
| 7a1 Salaries | $4800.00 |
| 7a3 Furniture & Fixtures | 100.00 |
| 7a4 Stationery | 300.00 |
| 7a5 Incidentals | 500.00 |
| Total for office | $5700.00 |

7b Manufacture

| | |
|---|---|
| 7b1 Employees | $63800.00 |
| 7b2 Other expenses | 1200.00 |
| Total for manufacture | $65000.00 |

7f Distribution

| | |
|---|---|
| 7f1 Maintenance employees | 5000.00 |
| Total for distribution | $5000.00 |

Extraordinary

| | |
|---|---|
| x7g20 Lands and Buildings | 800.00 |
| x7g21 Equipment | 1800.00 |
| x7h22 Extension of lines | 6000.00 |
| x7j23 Meters | 4000.00 |
| Refund | 100.00 |
| Insurance | 400.00 |
| Total of extraordinary purposes | $13100.00 |

7t Transfers

| | |
|---|---|
| 7t25 Transfer to sinking fund | $6750.00 |
| Total for transfers | $6750.00" |

Ordinance No. 1365, hereinbefore referred to, is an annual appropriation measure. It is not and does not purport to be a temporary appropriation measure for meeting the ordinary expenses of the taxing unit. Ordinance No. 1377 was adopted March 18, 1936, subsequent to the adoption of Ordinance No. 1365, and is not and does not purport to be a part of the annual appropriation measure; and its subject matter, considered in connection with the subject matter of Ordinance No. 1365, is such that it is not a temporary appropriation measure.

The subject matter of Ordinance No. 1377 is an appropriation for an improvement and not an appropriation for contingencies and is not in any way covered by the provisions of the annual appropriation ordinance, and the provisions of this ordinance do not in any way change the phraseology or effect of any of the provisions of the annual appropriation ordinance.

Hence, the questions to be determined under the pleadings and evidence, are:

1. Whether an ordinance appropriating funds for an improvement adopted subsequent to an annual appropriation ordinance the subject matter of which is not covered by the annual appropriation ordinance and which ordinance does not, either in its title or provisions, purport to be an ordinance either amending or supplementing the annual appropriation ordinance, constitute a valid enactment.

2. Whether if otherwise valid, the failure to set out the amount to be expended for personal services in the appropriation renders it invalid.

We will discuss these questions in the order mentioned.

1. The statutory provisions to be considered in connection with the first question, are as follows:

"Annual appropriation measure; supplemental measures; classification.

"On or about the first day of each year, the taxing authority of each subdivision or other taxing unit shall pass an annual appropriation measure and thereafter during the year may pass such supplemental appropriation measures as it finds necessary, based on the revised tax budget and the official certificate of estimated resources or amendments thereof. If it desires to postpone the passage of the annual appropriation measure until an amended certificate is received based on the actual balances, it may pass a temporary appropriation measure for meeting the ordinary expenses of the taxing unit until not later than April first of the current year, and the appropriation made therein shall be chargeable to the appropriations in the annual appropriation measure for that fiscal year when passed."

Sec 5625-29 GC.

"The taxing unit shall pass an annual appropriation measure and thereafter during the year may pass such supplementary appropriation measures as it finds neces-

sary, based on the revised tax budget and the official certificate of estimated resources or amendments thereof."

### Sec 5625-32 GC.

"Any appropriation ordinance or other appropriation measure may be amended or supplemented from time to time, provided that such amendment or supplement shall comply with all provisions of law governing the taxing authority in making an original appropriation and provided further, that no appropriation for any purpose shall be reduced below an amount sufficient to cover all unliquidated and outstanding contracts or obligations certified from or against the appropriation for such purpose. Transfers may be made by resolution or ordinance from one appropriation item to another. At the close of each fiscal year, the unencumbered balance of each appropriation shall revert to the respective fund from which it was appropriated and shall be subject to the future appropriations; provided, however, that funds unexpended at the end of each fiscal year and which had theretofore been appropriated for the payment or performance of obligations unliquidated and outstanding, shall not be required to be re-appropriated, but such unexpended funds shall not be included by any budget making body or board or any county budget commission in estimating the balance or balances available for the purposes of the next or any succeeding fiscal year.

"The annual appropriation measure or an amendment or supplement thereto, may contain an appropriation for contingencies not to exceed three per cent of the total appropriation for current expenses. By a two-thirds vote of all members of the taxing authority of a subdivision or taxing unit, expenditures may be authorized in pursuance of such contingency appropriation for any lawful purpose for which public funds may be expended, if such purpose could not have reasonably been foreseen at the time of the adoption of the appropriation measure."

### Sec 4226 GC.

"No ordinance, resolution or by-law shall contain more than one subject, which shall be clearly expressed in its title. No by-law or ordinance, or section thereof, shall be revived or amended, unless the new by-law or ordinance contains the entire by-law or ordinance, or section revived or amended, and the by-law or ordinance, section or sections so amended shall be repealed. Each such by-law, resolution and ordinance shall be adopted or passed by a separate vote of the council and the yeas and nays shall be entered upon the journal."

As the ordinance in question does not provide an appropriation for contingencies, the last paragraph of the quoted part of §5625-32 GC has no application.

It is clear from the provisions of the quoted part of §§5625-29 and 5625-32, GC, that authority is conferred on a municipality to adopt ordinances amending or supplementing an annual or other appropriation ordinance or other appropriation measure.

The ordinance in question, if effective, does supplement the annual appropriation ordinance. Its effectiveness is therefore dependent on whether it violates the requirements of the above quoted part of §4226 GC to the effect that no ordinance or section thereof shall be amended unless the new ordinance contains the entire ordinance or section amended.

In its broad sense, the term "amended" as applied to the ordinance or section thereof comprehends the legal effect of any ordinance subsequently adopted relating to the subject matter of the original ordinance, including any ordinance adding to its provisions without making changes in its phraseology or effect. But the same term is frequently used in a much narrower sense, comprehending only the legal effect on the original ordinance of an ordinance subsequently adopted making changes in the phraseology or effect of the provisions of the original ordinance, and the term "supplemented" is used in apposition to the term "amended" to designate the legal effect of an ordinance subsequently adopted adding to the provisions of the original ordinance without making any changes in its phraseology or effect. **Lehman v Mc-Bride, 15 Oh St 572; City of Cincinnati v Hillebrand, 103 Oh St 286; Caldwell v Cleveland, 12 Nisi Prius (N.S.) 483.**

And it is in this latter sense that the term "supplemental" is used in that part of the first paragraph of the above quoted part of §5625-29 GC, reading "the taxing authority * * * may pass such supplemental appropriation ordinance as it finds necessary," and the terms "amended or supplemental" are used in that part of the first paragraph of the above quoted portion of §5625-32 GC, reading "any appropriation

234

ordinance or other appropriation measure may be amended or supplemented at any time."

And it is also in the narrower sense above mentioned that the word "amended" is used in that part of §4226 GC hereinbefore quoted. Cincinnati v Hillebrand; Caldwell v Cleveland, supra.

Giving this effect to the words "supplementary," "supplemented" and "amended" appearing in §§5625-29, 5625-32 and 4226, GC, it is clear that the ordinance in question adopted subsequent to an annual appropriation measure appropriating funds for an improvement not included in the annual appropriation ordinance and making no changes in the phraseology or effect of any of the provisions of the annual appropriation ordinance, does not come within the purview of the prohibitory clause of §4226 GC, above referred to, and is not rendered invalid by reason of its not containing the entire original appropriation ordinance or any section thereof.

2. We will therefore proceed to a consideration of the second question as to whether the ordinance is invalid by reason of the failure to set forth the amount to be expended for personal services.

The contention of the plaintiff as to the invalidity of the ordinance in this respect is based on the provisions of §5625-29 GC, reading as follows:

"Appropriation measures shall be so classified as separately to set forth the amount appropriated for each office, department and division and within each the amount appropriated for personal services."

This section is in pari materia with §5625-21 GC and these sections must be construed together. §5625-21 GC in indicating the items that must appear in the tax budget requires that the amount stated for current operating expenses should be classified as to personal services and as to other operating expenses, but the same section in describing the item as to expenditures for public improvements, requires only a classification as to the improvement and the fund from which paid.

Construing these sections together, it is clear that the provisions of §5625-29 GC requiring the amount appropriated for each office, department and division and within each the amount appropriated for personal services, applies only to personal services where the relation of master and servant exists between the taxing authority and the person or persons to be paid for such services, and has no application to personal services that may be rendered in the performance of contracts for improvements that may be entered into by the taxing authority. The ordinance in question provides an appropriation for an improvement, the personal services in connection with which may be performed under contracts entered into by the city for such improvement, and consequently the ordinance does not violate the provisions of §5625-29 GC by reason of the failure to separately set forth the amount to be expended for personal services.

The objections of the plaintiff to the legality of the ordinance are therefore without merit and judgment and decree will be entered herein in favor of defendants and against plaintiff, at costs of plaintiff.

KLINGER, PJ, and CROW, J, concur.