**GALION (City) v. GALION (City) et.**

Ohio Appeals, Third District, Crawford County.

Decided February 7, 1950.

George H. Davies, Galion, Myers & Spurlock, Bucyrus, for plaintiff-appellee.

Strelitz, Halberstein & Mitchell, Marion, Carl J. Gugler, Galion, for defendants-appellants.

### OPINION

Per CURIAM.

This is an appeal on law and fact.

The action was instituted in the name of the City of Galion,

Ohio, by George H. Davies, its solicitor, against the City of Galion, Ohio, and The Ohio Public Service Company, an Ohio Corporation.

The petition recites that the plaintiff is a municipal corporation of the State of Ohio, with a population of more than 5000 citizens; that George H. Davies is now and was at the time mentioned in the petition, the duly elected, qualified and acting solicitor of the City of Galion, and that as such solicitor he brings this action on behalf of the City of Galion for the benefit of said city and taxpayers thereof; that the defendant, The Ohio Public Service Company is a corporation organized and existing under the laws of the State of Ohio, and is a public utility engaged in the business of manufacturing, selling and furnishing electric power and other utility products and services in the State of Ohio.

The petition also recites that on the 4th day of November, 1948, the council passed an ordinance known as No. 2796 which ordinance, in substance, provides that a right is granted to The Ohio Public Service Company to erect, construct, maintain and use the necessary poles, wires, conduits and such other structures, fixtures, and appliances, overhead and underground as may be necessary or essential to enable The Ohio Public Service Company to transmit electricity through and along the streets, alleys, highways and public places of the City of Galion, Ohio, for the purpose of furnishing and supplying electric service to The Galion Iron Works & Manufacturing Company and to The Central Ohio Steel Products Company.

That in the title and body of the ordinance it is stated that the electrical energy now produced or that can be produced in the immediate future by the Galion Municipal Light Plant is wholly inadequate and insufficient to meet the demands of its customers; and further, that by reason of the lack of ability in the furnishing of power, the two manufacturing concerns above-named have been compelled to shut down at various times, resulting in loss of wages to employees and the loss of profits to the manufacturers.

That the local municipal light plant is in such a state of disrepair that it will take years to rebuild and repair the same so as to take care of the needs and demands of its customers.

That by reason of this failure of the municipal light plant to furnish dependable power at all times, The Galion Iron Works & Manufacturing Company and The Central Ohio Steel Products Company requested of council the permission to purchase power otherwise than from the municipal light plant.

The ordinance in question granted to The Ohio Public Service Company the right, for a 10-year period, to supply electrical service to these two manufacturing companies.

Said ordinance was passed on October 5, 1948, was filed with the Mayor October 8, 1948, was vetoed by the Mayor of said city on October 13th, 1948, and was repassed by the council over the Mayor's veto, on November 4, 1948, and a referendum petition or petitions filed with the Mayor on December 3, 1948.

On November 24, 1948, The Ohio Public Service Company filed its written acceptance of said ordinance with the Clerk of the City of Galion, to which a reply amended was duly filed by the plaintiff.

A temporary injunction was granted to the plaintiff on the 13th of November, 1948, enjoining any activity on the part of the defendants under said ordinance "until said time as it could be determined that if any referendum, if filed thereto be filed in compliance with law and the Constitution of the State of Ohio, and if and' when such referendum has been duly and legally filed, any procedure under said ordinance is temporarily enjoined until such time as a favorable vote has been had thereon."

Thereafter, the matter was heard on its merits on May 5, 1949, and on June 14, 1949, the court filed its findings of fact and conclusions of law indicating the issues in favor of the plaintiff and against the defendants, the temporary injunction to remain in full force and effect until Ordinance No. 2796 has been submitted to a referendum vote.

The court, by journal entry, on September 24, 1949, approved its separate findings of fact and conclusions of law, and awarded the relief prayed for in the petition, and made permanent, the temporary injunction theretofore allowed, until Ordinance No. 2796 had been submitted to a referendum vote of the electors of the City of Galion, Ohio.

The salient facts necessary for a decision in this case are not seriously disputed by any party.

The findings of fact of the trial judge are substantially correct, as follows:

That the City of Galion contains at least 5000 electors, and for many years and at the time of the passage of the ordinance, Ordinance No. 2796, owned and operated a complete electric power plant, including a distribution and generating system.

That the ordinance in question, namely, Ordinance No. 2796, was passed on October 5th, 1948, and vetoed by the Mayor of the City of Galion, Ohio, on October 13, 1948, and passed

over the Mayor's veto by the said council, on November 4th, 1948.

That the said Ordinance No. 2796 granted to The Ohio Public Service Company the right and permission, for a period of ten years from the effective date of the ordinance, to erect, construct, maintain and use the necessary appurtenances to enable it to transmit electricity through and along the streets and public places of the City of Galion, Ohio, for the purpose of furnishing and supplying electric service to The Galion Iron Works & Manufacturing Company and The Central Ohio Steel Products Company.

On November 24, 1948, The Ohio Public Service Company accepted the terms of the ordinance No. 2796, in accordance with the stipulations contained therein.

The Galion Iron Works & Manufacturing Company and The Central Ohio Steel Products Company are manufacturing corporations whose manufacturing plants are within the territorial limits of the City of Galion, Ohio.

A referendum petition or petitions were filed with the Mayor of the City of Galion, Ohio, on December 3, 1948, calling for a vote by the electors of Galion, Ohio, for approval or rejection of the ordinance in question.

That no other referendum petition or petitions of any kind have been filed with respect to said Ordinance No. 2796.

While it was not orally argued, the question is raised that the ordinance is void.

It must be borne in mind that this is an action not brought by an abutting property owner along the course proposed for the erecting of the structures and other things necessary for the connecting of the two manufacturing plants with the connections of the terminals of The Ohio Public Service Company, but is an action brought by the City of Galion.

The city had ample power to grant permission as is contained in Ordinance No. 2796 because such public purpose is not inconsistent with the use of the streets or its primary public purpose. Sec. 9193 GC. Sec. 9195 GC. 23 O. Jur., Sec. 353, Municipal Corporations, pages 566-567. 15 O. Jur., Secs. 51-52, Electricity, pages 535-536-537.

The issue readily presents itself as to whether the ordinance in question is subject to the constitutional provisions, otherwise known as a constitutional referendum, or whether it is such an ordinance as is subject to the statutory referendum.

If it is a statutory referendum, then the petition or petitions of referendum should have been filed with the City Auditor rather than the Mayor, and if a statutory referendum, this is a defect that is fatal to a proceeding under the statutory referendum.

All parties agree that the filing of the referendum petition or petitions was for the purpose of invoking a constitutional referendum which explains the filing of the referendum petition or petitions with the Mayor of the city, which was the proper depository for invoking a constitutional referendum.

This resolves the matter into the sole question for determination, without reference to a discussion of whether or not the duly passing of the ordinance was on the date of its original passage by the council, or on the date of the passage of the ordinance overriding the veto of the Mayor.

Unless the referendum can stand up under the filings heretofore made, it is too late now to invoke any referendum, and the ordinance became effective on November 4th, 1948.

To invoke a constitutional referendum it is obligatory that the ordinance shall embrace the provisions that are contained in **Art. XVIII, Sections 4 or 5 or 8 or 12.**

These constitutional provisions provide, in substance: what must be acquired or established, the financing thereof, and the manner in which the referendum procedure shall be followed.

**Section 4** is a delegation of power to municipalities to acquire, own, lease and operate a plant for the generation and distribution of electrical energy to be supplied to the municipality and its inhabitants; **Section 5** provides the manner in which the municipality may proceed and exercise the power conferred by **Section 4**, while **Section 12** is a grant of power to raise the money incidental to and for the purpose of the exercise of the power conferred by **Section 4.**

**Section 4 of Art. XVIII,** as applied to an electric public utility, comprises both a generating plant and distribution system; or, in other words, a complete electric public utility, and until these requirements are met, **Section 4 of Art. XVIII** has no application.

By the stipulations it is admitted that there is now, and for some time has been, a complete electric public utility in operation in Galion, Ohio, as a municipal plant. **Shryock v. City of Zanesville, 92 Oh St., 375, 110 N. E. 937. Priest v. City of Wapakoneta, 24 Abs 214, 32 N. E. 2d 758; Id., 132 Oh St 527, 9 N. E. 2d 292.**

It follows, therefore, that the ordinance in question is not subject to a constitutional referendum.

In view of our holding that no constitutional referendum can be had on the ordinance, it is unnecessary to determine whether the petition or petitions of referendum should have been filed within thirty days from August 5, 1948, when the ordinance was passed by council, or within thirty days from

November 4, 1948, when the veto of the Mayor was overridden.

The injunction heretofore granted is dissolved and the petition of the plaintiff is dismissed, and costs are assessed against the plaintiff.

GUERNSEY, PJ, and MIDDLETON and JACKSON, JJ, concur.